BOHAN, Respondent, vs. OZAUKEE COUNTY, Appellant.

*October 8 — October 23, 1894.*

*Publication of legal notices: Compensation.*

1. Parcels of land which have been properly assessed together as one tract constitute but one "lot or tract" within the meaning of sec. 1174, R. S., and but one fee is due for the publication thereof in the tax redemption notice.
2. An election notice, with the nominations and information to voters, required to be published by secs. 11, 12, ch. 379, Laws of 1891, is a "legal notice" within the definition in sec. 4276, R. S., and the fees for publishing it are those prescribed in sec. 4275.
3. The word "folio," as used in said sec. 4275, means, as defined in subd. 14, sec. 4971, R. S., "one hundred words or figures;" and, whatever the custom may be, compensation for publishing an election notice should be made according to the actual number of words and figures contained therein, and not according to the space occupied.

APPEAL from the Circuit Court for *Ozaukee* County.

The plaintiff is the publisher of a newspaper in the defendant county. He published the county clerk's tax redemption notice for the year 1892. In the same year he published the general election notice and the notice for information of voters required by ch. 379, Laws of 1891. For this service he presented his account to the board of supervisors:

To county clerk's tax list (dated July 26, 1892).................. $13 50
To official ballot of November election, 1892, 1 page, or 120 inches,
   at 60 cents per inch ........................................ 72 00

                                                      $85 50

Bohan vs. Ozaukee County.

The board allowed this account as follows;

To county clerk's tax list...................................... $11 15
To official ballot ......... .................................. 20 00
                                                              _____
                                                              $31 15

As to the tax list, the difference was as to the number of lots or tracts of land which it contained. The plaintiff claimed forty-five. The board contended there were but thirty-six. The dispute was as to the meaning of the words "lot or tract of land," in sec. 1174, R. S. The words are: "The printer who shall publish the list and notice . . . shall receive thirty cents for each lot or tract of land in such list. . . ." For example a description is: "Lots 1-2-3-4, block 10." Is this to be counted as one "lot or tract," or as four? The plaintiff claims four. The board says one. The count of either party is correct on its theory of what constitutes a lot or tract.

As to the election notice, the contention is as to whether it is a "legal notice," within the intention of sec. 4276, R. S., to be paid for at sixty cents a folio, under sec. 4275. The board claims that it is a "legal notice," under those sections. The plaintiff denies this. He says the publication is largely blank space, which by the custom of printers is counted one inch of column to the folio; that, to count it by the folio of 100 words and figures, the fee given by the statute would not cover the cost of the work. So he claims that it should be paid for, not at the statute rate, but so much as it shall be reasonably worth. By actual count it does not exceed twenty-five folios.

The plaintiff appealed from the order of the board to the circuit court. The circuit court, in accordance with plaintiff's contentions, directed a verdict for the plaintiff for $54.35. From a judgment on this verdict the county appeals.

For the appellant the cause was submitted on the brief of *H. B. Schwin*, district attorney.

*D. M. Jackson*, for the respondent.

Bohan vs. Ozaukee County.

NEWMAN, J. Where parcels of land are contiguous and owned by the same person, they may be assessed together as one tract. R. S. sec. 1048. When such parcels or tracts of land are deemed by the assessor so improved or occupied with buildings as to be practically incapable of separate valuation, they may be assessed as one parcel. R. S. sec. 1045. There seems to be no reason why parcels of lands so properly assessed together as one tract, and treated as one tract for all purposes of taxation, should not be still treated as one tract when advertised for redemption from taxes. They could not be legally advertised separately or redeemed separately, for it could not be known how much of the aggregate tax is due from each of the parcels when separated. They must be advertised together, and are but one tract. One fee, only, is due for this advertisement.

Sec. 4275, R. S., prescribes the fee for publishing "a legal notice" at not more than sixty cents per folio for the first insertion, and thirty-five cents per folio for each subsequent insertion. Sec. 4276 defines the term "legal notice," as used in the former section. It is defined to "embrace every summons, order, citation, notice of sale, or other notice, and every other advertisement of any description, required to be published by law, or in pursuance of any law, or of any order of any court." The definition is very comprehensive. It certainly includes the advertisement made by the plaintiff, for that notice is expressly required to be published by secs. 11, 12, ch. 379, Laws of 1891.

"The term 'folio,' wherever it occurs, shall be construed to mean one hundred words or figures." R. S. sec. 4971, subd. 14. This statute cannot be construed. It is too plain for construction. It cannot be so extended as to include some estimate of the space upon the paper which the words and figures may occupy; nor can a plain statute be over-ridden by a custom, however well established. When the statute is invoked, it is the arbiter.

Whether the plaintiff could be compelled to publish a legal notice for less than cost, under sec. 4274, is a question not presented by this record. He did publish this notice without compulsion.

The plaintiff had been paid the full legal fees for his work. He was not entitled to more.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.