DUSTER, Respondent, v. GREGORY COUNTY, SOUTH DAKOTA, Appellant.

(256 N. W. 145.)

(File No. 7701. Opinion filed July 30, 1934.)

*Edward Prchal,* State's Attorney, of Burke, for Appellant.
*J. F. Frame,* of Burke, for Respondent.

CAMPBELL, J. The controversy presented by this appeal is narrow and specific. Respondent is owner and publisher of a

weekly newspaper at Fairfax in Gregory county, S. D., which in 1932 was regularly designated as one of the official newspapers of Gregory county. In December, 1932, he published in such newspaper the notice of delinquent tax sale required by statute, and the question is as to the fee he is entitled to receive therefor. Applicable law is chapter 129, Laws 1921, and particularly the last two sentences thereof, which read as follows: "The County Treasurer shall charge and collect, in addition to the taxes and interest and penalty, the sum of seventy-five cents ($.75) on each tract of real property and on each town lot advertised for sale, which sum shall be paid into the County Treasury, and the county shall pay the cost of publication. Each official newspaper in which any such notice is published, whether there be one, two or three such newspapers, shall receive one third of the total sum charged to the delinquent lands for advertising."

It is conceded that respondent is entitled to receive one-third of the total sum which the statute requires the county treasurer to charge to the delinquent lands for advertising. The precise point of the controversy has to do with the phrase "on each town lot advertised for sale," and may be most readily brought forward by specific illustration as follows. One line embraced in the notice of delinquent tax sale under proper column headings as to name of owner, description of property, and amount of tax, was as follows: "Jacob Forsch Lots 1 to 24 of Blk, 45 $18.09." Respondent contends that this line advertises for sale twenty-four town lots, and that the county treasurer should charge for the publication of this line the sum of 75 cents to lot 1 in block 45, 75 cents to lot 2 in block 45, etc., a total of $18; respondent being entitled to $6 thereof. The county maintains, on the other hand, that only 75 cents should be charged for the advertising of this entire description; respondent to receive 25 cents thereof.

The matter coming on for trial in the circuit court on appeal from decision of the county commissioners, the circuit court upheld the contentions of respondent publisher, and from judgment entered accordingly the county has now appealed to this court.

■ The statutory provision here involved originated in 1897 and from that date to the present the statute has been frequently amended. Section 115, ch. 28, Laws 1897; section 2194 (Pol. Code), Rev. Codes 1903; chapter 53, Laws 1905 chapter 202, Laws

1909; chapter 338, Laws 1913; chapter 350, Laws 1913; chapter 131, Laws 1917; Rev. Code 1919, §6785; chapter 129, Laws 1921. But up until 1933 the provision was always retained that a fixed sum (varying in amount from time to time) should be charged and collected "on each town lot advertised for sale." The exact question here involved has been frequently presented to the Attorney General of this state, who has always ruled that the words "on each town lot" mean precisely what they say. See Atty. Genl. Rep. 1916, 90; Atty. Genl. Rep. 1922, 362; Atty. Genl. Rep. 1924, 354; Atty. Genl. Rep. 1930, 243; Atty. Genl. Rep. 1932, 420. The Attorney General's office has consistently held (as stated in the 1930 opinion above cited) that: "This may be an absurd situation, as suggested in your letter, but in my opinion the statute will hear no other construction." We entirely agree with the holdings of the Attorney General on this question.

Appellant cites and relies upon numerous cases construing the word "lot" in similar statutes, as, for instance, the case of Bohan v. Ozaukee County (1894) 88 Wis. 498, 60 N. W. 702. The Wisconsin statute (Rev. St. 1878, §1174) provided: "The printer * * * shall receive thirty cents for each lot or tract of land in such list. * * *" The difference between the Wisconsin statute and our own is entirely obvious. There was in that statute no distinction, as in ours, between "each tract of real property" and "each town lot." The words "each town lot" have a meaning that is generally accepted and understood. Cf. sections 6537, 6538, Rev. Code 1919. Indeed they are too clear and unambiguous to require or permit construction or interpretation. The 1933 Legislature has modified the situation (chapter 195, Laws 1933) by amendment providing that when two or more lots or tracts in the same block are assessed to the same person they shall be designated in one description and charged for at the rate of one lot or tract, and that the treasurer shall charge and collect (italics ours) "the sum of forty-five cents on each tract of real property and on each town lot *or group of town lots* advertised for sale, and thirty cents on each tract of real property and each town lot *or group of lots, comprising a single description,* where the same are sold for delinquent special assessments."

Appellant in the instant case is merely seeking in substance to have this court give retroactive effect to chapter 195,

Laws 1933, under the guise of "interpreting" the prior law. This we cannot and should not do. The law is clear beyond possibility of question, and any amendment must come (as in fact it did come in 1933) from the Legislature and not from this court. The judgment appealed from is affirmed.

All the Judges concur.