In the Matter of the ESTATE OF Geneve A. CLYDE, f/k/a Geneve A. McClure, Deceased.

No. 15882.

Supreme Court of South Dakota.

Considered on Briefs March 22, 1988.

Decided May 18, 1988.

Thomas W. Parliman of Thomas W. Parliman, P.C., Sioux Falls, for petitioner and appellant, Pearl D. Clyde, executrix of the estate of Floyd W. Clyde, deceased.

Kevin Dornberger, Sioux Falls, for appellee, Frank McClure, executor of the estate of Geneve A. Clyde, f/k/a Geneve A. McClure, deceased.

SABERS, Justice.

The trial court held that elective share proceedings abated upon death of surviving spouse and awarded residence to beneficiary of deceased wife's will. Estate of surviving spouse appeals. We reverse.

*Facts*

Floyd (Floyd) and Geneve (Geneve) Clyde were married in July 1982. At the time of this second marriage for both parties, Geneve owned fee title to a residence in Sioux Falls and personal property, including furniture and household goods. Floyd discharged his debts in bankruptcy prior to the marriage and had nominal assets. Both Floyd and Geneve received Social Security retirement benefits. Additionally, Geneve received a retirement pension and Floyd worked for a local construction company during part of the marriage.

Geneve was in poor health throughout the marriage. Floyd took care of her needs and was primarily responsible for the housework, yardwork, laundry, and household repairs. Geneve died testate on January 8, 1986. She was survived by Floyd

and one child from her previous marriage—Frank McClure (McClure). By the terms of her will she gave Floyd the personal property and a life estate in the residence, subject to defeasance if he should remarry. McClure was to receive the residence upon termination of Floyd's life estate. The value of the assets, joint or in Geneve's name, including the residence valued at $49,000, totaled $63,675.85. Floyd married Pearl Clyde (Pearl) in September 1986.

### Chronology of Events

| | |
|---|---|
| July 1982 | Floyd and Geneve marry. |
| January 8, 1986 | Geneve dies. |
| July 1, 1986 | SDCL 30–5A–3 as amended becomes effective. |
| September 12, 1986 | Floyd marries Pearl. |
| October 31, 1986 | McClure petitions for probate of will, letters of administration, and order to Floyd to produce Geneve's will. |
| January 9, 1987 | Floyd files petition for elective share. |
| February 5, 1987 | Geneve's will admitted to probate. |
| February 24, 1987 | Hearing on petition for elective share. |
| March 6, 1987 | Court issues letter opinion on petition for elective share. |
| March 26, 1987 | Floyd dies at age 72. |
| March 31, 1987 | Court enters findings of fact and conclusions of law on petition for elective share: awards Floyd equitable share of augmented estate (one-half interest in residence) in addition to $35,097.85 charged to Floyd under SDCL 30–5A–8. McClure moves for reconsideration because of Floyd's death. |
| April 22, 1987 | Court issues letter opinion on reconsideration: decides elective share proceedings abated. |
| April 24, 1987 | Floyd's estate files motion for reconsideration. |
| May 11, 1987 | Court enters amended findings of fact and conclusions of law: assets to be distributed under terms of Geneve's will. |

### 1. DATE OF VESTING OF RIGHT TO PETITION FOR ELECTIVE SHARE

The trial court held that the elective share proceedings abated upon Floyd's death as the order for elective share had not become final. In reaching this conclusion the trial court applied SDCL 30–5A–3 prior to its 1986 amendment, without stating its reasons therefor.

Prior to July 1, 1986, SDCL 30–5A–3 provided, in part:

Any proceeding for elective share under the provisions of § 30–5A–6 in which order for payment of assets or contribution has not become final by performance, entry or affirmance of order pursuant to

decision of the Supreme Court or passage of time for appeal *shall abate* without survival of such right at the death of the surviving spouse. (emphasis added) The 1986 Legislature amended SDCL 30–5A–3 to provide that any proceeding in which the order for elective share was not final at the death of the surviving spouse "shall inure to the benefit of the surviving spouse's estate." The amended version of the statute became effective July 1, 1986.

McClure claims that the trial court was correct in applying the statute in effect at the time of Geneve's death because Floyd's right to petition for an elective share arose at that time. Pearl argues that the intent of the amendment to § 30–5A–3 should control because Floyd made the election during his lifetime and after July 1, 1986.[1]

SDCL 30–5A–6[2] governs the time during which the surviving spouse may petition for an elective share. At the time of Geneve's death and throughout these proceedings, that statute provided that the election could be made by filing a petition "within two months after the first publication of notice to creditors for filing claims." Although the statute allows the circuit court, in its discretion, to extend the time for election beyond the two-month period, nothing in SDCL 30–5A–6 or any other statute allows a petition to be filed *before* the publication of the notice to creditors. The first publication of notice to creditors is ordinarily within several days after the filing of the petition for probate of the will

(or petition for letters of administration). *See* SDCL 30–6–8, 30–6–9, 30–9–12, and 30–21–13.

■ Reference to these statutes and common sense make it clear that no right to petition for an elective share of the augmented estate of the deceased spouse vests until the first notice to creditors is published. To interpret these statutes otherwise would result in requesting the circuit court to make a determination under SDCL 30–5A–5 without knowing what, if any, property would pass to the surviving spouse under a will or through intestacy.[3]

■ McClure contends that SDCL 30–5A–3, as it existed prior to the 1986 amendment, "should be applicable, on account of the inactivity and delay by Floyd Clyde subsequent to [Geneve's] death." This equitable argument is without merit because the statutes do not provide the circuit court with discretion in fixing the date on which the surviving spouse's right to petition for an elective share vests. Although McClure is quick to point out that Floyd, named as executor in Geneve's will, did not file a petition for probate of Geneve's will within thirty days of knowledge of her death (as required by SDCL 30–8–11), McClure did not petition the court for probate of the will until October 31, 1986. The responsibility of the executor to file the petition for probate is clear. However, after Floyd failed to act, McClure delayed for eight months before forcing the production of the will. *See* SDCL 30–6–2.

1. Although it is clear from the 1986 amendment of SDCL 30–5A–3 that the legislative intent was to provide that the benefit of making the election survive the petitioner's death, we will not apply a legislative enactment retroactively unless there is clear legislative intent that it should so operate. *First Nat. Bank of Minneapolis v. Kehn Ranch,* 394 N.W.2d 709 (S.D.1986); *Matter of Adams,* 329 N.W.2d 882 (S.D.1983). However, retroactive application is not an issue here, because of our interpretation of the application of SDCL 30–5A–6.

2. *SDCL 30–5A–6 was also amended by the 1987 Legislature and now provides in part:*
 The surviving spouse may elect to take an elective share in the augmented net estate by filing a petition for the elective share within six months of the death of the decedent or before entry of any final or partial decree of

distribution whichever is earlier with the clerk of courts in which probate proceedings are pending or if none are pending with the clerk of courts for the county in which the decedent was domiciled at his death.... Upon filing of the petition for election the right to such election is vested and may not be terminated by death or any subsequent event. Additionally, it should be noted that the 1987 Legislature repealed SDCL 30–5A–3—the substance of that statute is now incorporated within SDCL 30–5A–6, as amended.

3. This construction of this statute is impliedly supported by our decision in *Matter of Estate of Lingscheit,* 387 N.W.2d 738 (S.D.1986) (wife not entitled to elective share where she failed to file election within time limitations of SDCL 30–5A–6).

## 2. FEE INTEREST IN RESIDENCE

The trial court originally awarded Floyd a one-half interest in the residence owned in fee by Geneve. The amended order, which conformed to the terms of Geneve's will, gave Floyd a life estate in the residence which was subject to termination upon his remarriage.

 Pearl claims error in the original order and argues that the facts and equity require this court to award Floyd's estate, as beneficial survivor of his elective share, the fee interest in the residence. Pearl claims that Floyd's contributions to the marriage to Geneve, financial and other, require this equitable award. However, as McClure points out, all the undisputed facts and circumstances of the marriage were before the trial court when it rendered the original decision. The equitable determination in an elective share proceeding is within the discretion of the trial court and will not be overturned absent an abuse of that discretion. SDCL 30–5A–6; SDCL 30–5A–8.

We reverse and remand to reinstate the trial court's findings of fact and conclusions of law dated March 31, 1987 because the proceedings did not abate but inured to the benefit of Floyd's estate.

MORGAN and HENDERSON, JJ., concur.

WUEST, C.J., concurs in result.

MILLER, J., dissents.

WUEST, Chief Justice (concurring in the result).

I concur in the result of the majority opinion. However, the 1986 amendment to SDCL 30–5A–3 applies. The amendment's application relates to the finalization of the order of selection by vesting in the estate of the surviving spouse the property selected when the surviving spouse dies prior to the order otherwise becoming final. Because Geneve died prior to the effective date, the amendment has no relevance whatsoever. Applying the amendment to this case is not a retroactive application. Its practical effect is procedural and has the effect of making the order of selection final upon death of the surviving spouse. The amendment was effective on the date of Floyd's death and therefore vested the selection in his estate per the amendment.

MILLER, Justice (dissenting).

I would affirm.

It appears to me that the majority opinion complicates otherwise simple issues by straining to avoid a definitive answer as to which version of SDCL 30–5A–3 was in effect and applicable to the facts of this case.

At the time of Geneve's death, 30–5A–3 provided that Floyd's right to an elective share abated upon his death. Under the 1986 amendment to 30–5A–3, his right to an elective share would have inured to the benefit of his estate.

The majority holds that under SDCL 30–5A–6, the elective share does not "vest" until publication of the first notice to creditors. I disagree. In my opinion, 30–5A–6, entitled "Proceeding for elective share,—Time limit" is a procedural statute which merely implements the rights which had "vested" under the prior sections, and specifically 30–5A–3.

Under the majority holding, 30–5A–6 is read in isolation and totally ignores the language and significance of the language of 30–5A–3. We must read both 30–5A–3 and 30–5A–6 together in determining the legislative intent and in deciding this case. *State v. Hoxeng*, 315 N.W.2d 308 (S.D. 1982); *Hot Springs Independent Sch. Dist. No. 10 v. Fall River Landowners Ass'n.*, 262 N.W.2d 33 (S.D.1978).

The majority's holding ignores and reverses earlier language in its opinion, specifically that no retroactive application can be given to 30–5A–3 (see page 515, footnote 1), by in reality giving it retroactive application through its interpretation of 30–5A–6.

The 1986 amendment to 30–5A–3 cannot be given retroactive application, under the authority cited by the majority. *See* footnote 1 *citing First Nat. Bank of Minneapolis v. Kehn Ranch*, 394 N.W.2d 709

(S.D.1986); *Matter of Adams,* 329 N.W.2d 882 (S.D.1983); *see also Johnson v. Kusel,* 298 N.W.2d 91 (S.D.1980); *In re Scott's Estate,* 81 S.D. 231, 133 N.W.2d 1 (1965); *Duster v. Gregory County,* 63 S.D. 20, 256 N.W. 145 (1934) (Supreme Court cannot give retroactive effect to a statute under the guise of interpreting prior law amended thereby).

Thus, Floyd's right to an elective share abated on his death irrespective of the lack of compliance, or ability to comply, with the procedural guidelines of 30–5A–6. To hold otherwise would necessarily give a retroactive application to the 1986 amendment of 30–5A–3. Further, had the estate been commenced appropriately and timely (which was certainly within Floyd's ability, since he held the will and neglected or refused to offer it for probate) and had the probate proceeded in the typical, timely manner, there would be no question for us to resolve. The majority has improperly rewarded Floyd's estate for Floyd's inaction.