In the Matter of the ESTATE OF Robert L. DETERMAN, Deceased.

No. 17127.

Supreme Court of South Dakota.

Considered on Briefs Nov. 30, 1990.

Decided June 19, 1991.

Kennith L. Gosch of Bantz, Gosch, Cremer, Peterson & Oliver Aberdeen, for appellee.

Richard A. Glynn of Holland, Brantseg & Glynn, Sisseton, for appellee Ruth Determan.

Richard Kolker of Maloney, Kolker, Fritz, Hogan & Johnson, Groton, for appellants.

MILLER, Chief Justice

Lorene S. Determan (Lorene) appeals a circuit court order dismissing her petition for an elective share of the estate of Robert Determan (Robert). We affirm.

### FACTS

Lorene and Robert were married in 1964. Although the two did not live together for at least ten years before Robert's death, they were never divorced. Robert died intestate on September 25, 1983. At that time, SDCL 30–5A–6 gave a surviving spouse two months from the first publication of notice to creditors to file a petition for an elective share of the decedent's estate.[1] In this instance, however, no first publication of notice to creditors took place within the years immediately following Robert's death nor did Lorene file an elective share petition during that time.

On July 1, 1987, an amendment to SDCL 30–5A–6 took effect. The amendment allows a surviving spouse six months from the death of the decedent rather than two months from first publication of notice to creditors to file an elective share petition.[2] As is obvious, that six month period expired in this case approximately three and a

---

1. In September 1983, SDCL 30–5A–6 provided in pertinent part:

   The surviving spouse may elect to take an elective share in the augmented net estate by filing in the court and mailing or delivering to the representative of the estate a petition for the elective share *within two months after the first publication of notice to creditors* for filing claims which arose before the death of the decedent.

   SDCL 30–5A–6 (Supp.1983) (emphasis added).

2. Under the 1987 amendment, as well as under current law, SDCL 30–5A–6 provides in pertinent part:

   The surviving spouse may elect to take an elective share in the augmented net estate by filing a petition for the elective share *within six months of the death of the decedent* or before entry of any final or partial decree of distribution whichever is earlier with the clerk of courts in which probate proceedings are pending or if none are pending with the clerk of courts for the county in which the decedent was domiciled at his death.

   SDCL 30–5A–6 (emphasis added).

half years before the effective date of the amendment.

On November 2, 1988, Lorene filed a petition for letters of administration for Robert's estate. On November 9, 1988, first publication of notice to creditors took place. On January 9, 1989, over five years after Robert's death, Lorene filed her elective share petition. On March 8, 1990, the circuit court dismissed the petition because it was not filed within six months of Robert's death as required by SDCL 30–5A–6 as amended in 1987.

The following chronology summarizes these events:

| Date | Event |
| --- | --- |
| September 25, 1983 | Robert dies. SDCL 30–5A–6 gives Lorene two months from first publication of notice to creditors to file an elective share petition. |
| March 25, 1984 | Six months pass since Robert's death. Lorene's right to petition for elective share expires under 1987 amendment to SDCL 30–5A–6. |
| July 1, 1987 | Amendment of SDCL 30–5A–6 takes effect. Lorene now has six months from date of Robert's death to file an elective share petition. |
| November 2, 1988 | Lorene files petition for letters of administration for Robert's estate. |
| November 9, 1988 | First publication of notice to creditors takes place. |
| January 9, 1989 | Lorene files an elective share petition. Timely under SDCL 30–5A–6 before 1987 amendment. Untimely under SDCL 30–5A–6 as amended in 1987. |

## ISSUE

WHETHER LORENE'S RIGHT TO CLAIM AN ELECTIVE SHARE VESTED ON THE DATE OF ROBERT'S DEATH OR ON THE DATE OF FIRST PUBLICATION OF NOTICE TO CREDITORS?

The circuit court applied our holding in *Matter of Estate of Clyde*, 423 N.W.2d 513 (S.D.1988) in ruling Lorene's petition for an elective share was untimely. In *Clyde*, we held that, "no right to petition for an elective share of the augmented estate of the deceased spouse vests until the first notice to creditors is published." *Id.* at 515. Here, first publication of notice to creditors did not occur until November 9, 1988. At that time, SDCL 30–5A–6 gave the surviving spouse six months from the death of the decedent to file an elective share petition. Lorene's six months expired on March 25, 1984, almost five years before she filed her petition. Based upon these facts and the rule of *Clyde*, the circuit court concluded that Lorene's petition was untimely and dismissed it.

Lorene argues that her right to claim an elective share vested on the date of Robert's death rather than on the date of first publication of notice to creditors. Therefore, she contends that the procedures for claiming an elective share in effect on the date of Robert's death are applicable. Under these procedures, Lorene would have two months from the first publication of notice to creditors to file her elective share petition. SDCL 30–5A–6 (Supp.1983). Since first publication occurred on November 9, 1988, and Lorene filed her petition on January 9, 1989, exactly two months later, she asserts that the petition was timely filed and was erroneously dismissed. We disagree.

Our decision in *Clyde* was based on the language of SDCL 30–5A–6 prior to its amendment in 1987. In reaching our holding that no right to claim an elective share vests until first publication of notice to creditors, we explicitly referred to the pre–1987 language of SDCL 30–5A–6 providing that the election could be made by filing a petition, "within two months after the first publication of notice to creditors for filing

claims." *Clyde*, 423 N.W.2d at 515 (*quoting*, SDCL 30–5A–6). That language, however, was amended out of the statute in 1987 and replaced with the language giving the surviving spouse six months from the death of the decedent to file an elective share petition. Even more significantly, language was also added to the statute providing that, "[u]pon filing of the petition for election the right to such election is *vested* and may not be terminated by any death or any subsequent event." 1987 S.D.Sess.L. ch. 207, § 4 (emphasis added). Reference to this amendment makes clear that after July 1, 1987, no right to claim an elective share vests until the petition for the elective share is filed.

The above analysis means that from 1983, when Robert died, to July 1, 1987, when the amendments to SDCL 30–5A–6 took effect, Lorene's right to claim an elective share in Robert's estate never vested. This is because first publication of notice to creditors never took place during that time. Under *Clyde* and under the pre–1987 version of SDCL 30–5A–6, that had to occur before Lorene's right to claim an elective share could vest.

After July 1, 1987, Lorene's right to claim an elective share could not vest until she filed her elective share petition. Lorene filed her petition on January 9, 1989. However, under the procedures applicable *at that time*, the petition had to be filed within six months of the death of the decedent to be timely. SDCL 30–5A–6. Lorene's petition was not filed until well over five years after Robert's death and, therefore, was clearly untimely. It follows that the circuit court appropriately dismissed Lorene's petition. *Matter of Estate of Lingscheit*, 387 N.W.2d 738 (S.D.1986) (where surviving spouse fails to comply with time limitations for filing for an elective share, the petition should be denied).

Lorene's claim that application of the 1987 amendments to SDCL 30–5A–6 divests her of her property rights in the elective share is meritless because her rights in the elective share never vested before the amendments took effect. Also meritless is her claim that the 1987 amendments denied her the opportunity to pursue her elective share. Lorene had nearly four years after Robert's death in which to petition for letters of administration for his estate, insure first publication of notice to creditors and, thereby, secure her right to claim an elective share in the estate. Thus, it is her delay of over five years in taking the appropriate action that has defeated her right to claim the elective share.[3]

Affirmed.

WUEST and HENDERSON, JJ., and MORGAN, Retired Justice, concur.

SABERS, J., dissents.

---

**3.** The issue presented to this court in *Clyde* was the viability of an elective share claim after the death of the surviving spouse. The law at the time of the decedent's death in *Clyde* provided that the elective share claim abated with the death of the surviving spouse. However, the law at the time of first publication of notice to creditors and at the time of the death of the surviving spouse provided that the elective share claim should inure to the benefit of the surviving spouse's estate. This court was clearly presented with the argument that the law at the time of the decedent's death should apply and, therefore, the elective share claim should abate with the death of the surviving spouse. Rejecting that argument, a majority of this court held that, *"no right* to petition for an elective share ... vests until the first notice to creditors is published." *Clyde*, 423 N.W.2d at 515 (emphasis added). Therefore, this court applied the law in effect at the time of first publication of notice to creditors and held that the elective share claim should inure to the benefit of the surviving spouse's estate. Although I dissented in *Clyde*, I recognize it as the settled law of the State of South Dakota. Applying *Clyde* in the instant case means that Lorene's right to claim her elective share never vested before the law was changed in 1987 because there was no first publication of notice to creditors. Thus, application of the 1987 law divests her of no rights because she had no rights to divest. The dissent would rewrite its decision in *Clyde* and now hold that Lorene's right to claim her elective share vested on the date of Robert's death and that it is governed by the procedural rules in effect at that time. It does this on the basis that, "[c]learly something is wrong here." It is respectfully submitted that the only thing wrong is the same problem that existed in *Clyde*: "had the estate been commenced appropriately and timely ... and had the probate proceeded in the typical, timely manner, there would be no question for us to resolve." *Clyde*, 423 N.W.2d at 517 (Miller, J., dissenting).

AMUNDSON, J., not having been a member of the Court at the time this action was submitted did not participate.

SABERS, Justice (dissenting).

I dissent. Lorene filed her petition for her elective share within the time allowed by the amendment of SDCL 30–5A–6, when applied prospectively.

The chronology set forth in the majority opinion shows vividly how unfair the result is. It states that on March 25, *1984,* six months after Robert's death, "Lorene's right to petition for elective share expires"—under an amendment to SDCL 30–5A–6 that will not be enacted until *1987.*

The chronology then states that on July 1, 1987, when the amendment to SDCL 30–5A–6 takes effect, "Lorene now has six months from date of Robert's death to file an elective share petition." At this point, Robert has been dead nearly four years.

Clearly something is wrong here. The source of the problem may be in the majority's misapplication of *Estate of Clyde,* 423 N.W.2d 513 (S.D.1988). In *Clyde,* we held that, under the pre–1987 version of SDCL 30–5A–6, the right of a surviving spouse to petition for elective share is triggered by notice to creditors, not by decedent's death. Note that there is no time limitation in SDCL 30–5A–6 or 30–21–13 restricting when this triggering notice to creditors must be published.

Therefore, at the time of Robert's death in 1983, Lorene could petition for letters of administration, causing notice to creditors to be published, *at any time.* SDCL 30–21–13, 30–6–8, 30–9–12. Upon this notice to creditors, Lorene's right to petition for elective share would vest and would expire two months thereafter.

The 1987 amendment to SDCL 30–5A–6 affected this right of surviving spouses to give notice to creditors *and thereby be vested with the right to petition for elective share.* Since 1987, surviving spouses may still cause notice to creditors to be published at any time, but publication no longer has the same legal effect. It no longer causes their right to petition for elective share to become vested. Under the 1987 amendment to SDCL 30–5A–6, that right now vests upon the death of decedent and expires six months later regardless of when notice to creditors is published.

Because the 1987 amendment to SDCL 30–5A–6 alters the law of elective share petitions in this way, it should not be given retroactive effect. A legislative enactment is not to be retroactively applied unless there is a clear legislative intent to do so. *First Nat'l Bank of Minneapolis v. Kehn Ranch,* 394 N.W.2d 709, 716 (S.D.1986). *See also* SDCL 2–14–21 ("No part of the code of laws ... shall be construed as retroactive unless such intention plainly appears"). There is no clear legislative intent here to have Lorene's right to file terminated immediately upon the effective date of the act. *Kehn Ranch, supra.* Lorene complied completely with the statutory scheme in effect at Robert's death, under which Robert's death triggered Lorene's right to cause notice to creditors to be published, and publication of notice to creditors triggered Lorene's right to petition for elective share.

If the 1987 amendment to SDCL 30–5A–6 merely cut short the time in which Lorene could petition for elective share prospectively, that would be a procedural change which could be given retroactive effect even if Lorene's substantive rights were affected. *See West v. John Morrell & Co.,* 460 N.W.2d 745, 748 (S.D.1990) (Sabers, J., concurring in result and joined by Miller, J.). However, that is not the case. The 1987 amendment, if applied retroactively, means that for Lorene, a right which the legislature intended her to have never came into existence at all. In effect, the majority opinion holds that on June 30, 1987, it was too soon for Lorene's right to petition for elective share to become vested, but on July 1, 1987, it was too late. The majority's misapplication of SDCL 30–5A–6 constitutes *ex post facto* lawmaking as to Lorene which violates her rights under the federal and state constitutions. U.S. Const. art. I, § 9, cl. 3; S.D. Const. art. VI, § 12. We should reverse and remand.