BROOKINGS COUNTY, et al, Respondent, v. SAYRE, et al, Appellants.

(220 N. W. 918.)

(File No. 6191. Opinion filed August 10, 1928.)

*Hall & Purdy* and *Olaf Eidem*, all of Brookings, for Appellants.

*E. A. Berke,* of Brookings, for Respondent.

MORIARTY, C. This action was brought by Brookings county, on behalf of certain persons, to recover from the defendants expenses incurred in preliminary proceedings on a drainage ditch petition. The defendants demurred to the complaint, and this appeal is from an order of the trial court overruling the demurrer.

There are 52 defendants named in the complaint. Of these

defendants, 44 signed a ditch petition as provided for in section 8459, R. C. The other defendants signed as sureties on bonds given under the requirements of said section. Expenses were incurred in preliminary proceedings, and, after such proceedings, the county board finally denied the petition. This action was brought in the name of Brookings county, on behalf of divers persons having claims growing out of the said preliminary proceedings.

The action was instituted on the theory that it is authorized by section 8462, R. C., as amended by chapter 194, Laws of 1921, which, so far as relevant, provides as follows:

"When the board of county commissioners shall have fully heard and considered such petition and all matters in opposition to or in support of the same, it shall, if it finds the proposed drainage not conducive to the public health, convenience or welfare, or not needed or practicable for the purpose of draining agricultural lands, deny such petition, the petitioners to be jointly and severally liable for the costs of the proceeding and same to be recovered in a civil action to be instituted and prosecuted in the name of and by the county on behalf of all persons having claims for costs of such proceeding."

The complaint names numerous persons on whose behalf the action is brought, alleging that each of these persons has a claim for costs incurred in the proceedings on the petition. For convenience, those defendants who are alleged to have signed the ditch petition will be referred to as petitioners, and those who are alleged to have signed the bonds as sureties will be termed sureties.

The facts alleged are as follows: On August 19, 1919, the petitioners filed in the office of the county auditor of Brookings county a petition praying for the establishment of certain drainage within said county. Pursuant to the said petition, the board of county commissioners published notices of the hearing of said petition, made an examination of the location of the proposed drainage, caused a like examination to be made by the state engineer, and held a hearing on the petition. The board appointed an engineer to make a survey of the proposed drainage and report thereon. This engineer made the survey and presented and filed a report, including maps and profiles. All these acts are alleged to have been done in the years 1919 and 1920. After the hearing, the matter was continued from time to time until January 8, 1924, when a

formal resolution was passed by the board denying the petition. In the preliminary proceedings, costs in the aggregate sum of $4,127.74 were incurred, for the payment of which the petitioners are alleged to be jointly and severally liable. These costs are still due to the persons for whose benefit the action is brought, and are wholly unpaid. These allegations are relied upon as establishing plaintiff's first cause of action.

For a second cause of action, after realleging the allegations of the first cause of action, the complaint sets forth the following facts as constituting a second cause of action: On August 19, 1919, the date of the filing of the petition, the petitioners furnished to the county and filed with the county auditor a certain bond, signed by themselves as principals and by the defendants J. A. Lunden and O. O. Olson as sureties. This bond was conditioned to secure the payment by the petitioners of the costs of the proceeding in case the petition was finally denied. The liability on this bond was limited to $1,000.

For a third cause of action, the foregoing allegations of the first and second causes are realleged, and it is further alleged that, after the furnishing of the first bond, the board demanded further security, and the petitioners furnished a second bond conditioned as the previous bond, signed by part, but not all, of the petitioners as principals and by the same two sureties Lunden and Olson. The liability on this bond was limited to $1,000 in addition to the $1,000 liability on the former bond.

As a fourth cause of action, after realleging as before, the complaint alleges the furnishing by petitioners of a third bond signed by part, but not all, of the petitioners and by defendants Henry Olson, H. E. Riley, and Van D. Fishback, as sureties, conditioned as the previous bonds; the liability being limited to $1,500 in addition to that of the two former bonds of $1,000 each. And the complaint prays judgment against the defendants in the sum of $4,127.74.

The demurrer states all the statutory grounds, but the briefs and arguments present to this court only two questions which appear to us to demand consideration.

Appellants' counsel contend that provisions of section 8462, as amended by chapter 194 of the Laws of 1921, as above quoted, do not authorize the maintenance of this action by the county, for the

reason that section 8462 was amended by chapter 197 of the Laws of 1921, which chapter, although approved by the Governor on the same day as chapter 194, was finally passed by the Legislature after the final passage of said chapter 194. The section as amended by chapter 197 provides that the county shall pay the preliminary costs out of its general fund, and, if the petition is denied, the petitioners shall reimburse the county for the expenses, "and shall be liable therefor in an action upon the bond provided for in this section."

There is no repealing clause attached to this chapter, but counsel contend that this provision of chapter 197 is repugnant to the provision of chapter 194, authorizing the county to sue in a representative capacity, and that the irreconcilable character of these provisions has the effect of an implied repeal of the former enactment by the later one.

■ The courts do not favor repeals by implication, and it is the duty of this court to give effect to both enactments if their provisions can be reconciled.

Prior to 1921, section 8462 provided that, where a petition for the establishment of drainage is denied, the petitioners shall be "jointly and severally liable for the costs of the proceeding and same to be recovered in a civil action."

■ Under the law as it then existed, there was no statutory provision as to the form of civil action by which the joint and several liability of the petitioners should be enforced. Therefore the amendment made by chapter 194 created no new liability and affected only the remedy. For this reason it can be given retroactive effect, and authorizes the maintenance of actions in the form of that involved in this appeal, for costs incurred in these proceedings prior to the enactment of chapter 197.

■ On the other hand, chapter 197 provided for a new procedure, by requiring the county to pay the costs of the proceeding and authorizing it to sue the petitioners on its own behalf for moneys so expended. This provision would not have retroactive effect, and would not interfere with the rights of the individual claimants to collect the amount of their unpaid claims, or the right of the county to sue on their behalf to collect costs incurred prior to the time chapter 197 went into effect.

■ The further contention of appellants' counsel is that there is a misjoinder of causes of action set forth in the complaint. With this contention we cannot agree. Section 2371, R. C., provides:

"The plaintiff may unite in the same complaint several causes of action, * * * where they all arise out of * * * the same transaction, or transactions connected with the same subject of action."

The original transaction from which the liability arose in the instant case was the filing of the petition which obligated the petitioners, jointly and severally, for the payment of the expenses. This liability existed without the giving of any bond. The other defendants became liable, jointly with the petitioners, by signing as sureties on the several bonds. The act for which the sureties obligated themselves by the several bonds was the same identical act. The fact that the obligation is expressed in three bonds instead of one has no further effect than to limit the liability of each surety to the particular bond or bonds which he signed.

It is not necessary that the several defendants should be equally affected, or that the facts pleaded should show all the defendants to be liable to the same extent.

Finding no error in the record, the order appealed from is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., concurs in the result.