In the Matter of the Appeal From the Final Decision of the South Dakota Department of Labor, Unemployment Insurance Division, for Robert G. ADAMS, Appeal No. C–2697.

No. 13704.

Supreme Court of South Dakota.

Considered on Briefs Oct. 15, 1982.

Decided Feb. 16, 1983.

Drew C. Johnson, Sp. Asst. Atty. Gen., Pierre, for appellee State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Anthony C. Nanfito of East River Legal Services Corp., Sioux Falls, for appellant Robert G. Adams.

WOLLMAN, Justice.

This is an appeal from an order affirming the final decision of the Secretary of the South Dakota Department of Labor (Department), which denied appellant's unemployment insurance claim. We affirm.

Appellant was employed by the Yankton Community Day Care Center as a maintenance man from November of 1978 to May of 1981. At the hearing before the appeals referee, appellant testified that he had quit his job because of the hostility at his place of employment, much of which he claimed had been directed at him, and because he was confused about what his job entailed. Testimony from members of the board of directors also indicated that there was a staff problem with hostility, but that the problem was nothing out of the ordinary and that efforts had been made to correct it. Testimony also indicated that appellant was given a chance to voice his grievances and that until near the end of his employment appellant was aware of and satisfied with the nature of his duties at the day care center. Appellant presented and the referee read into the record a letter dated June 1, 1981, signed by a medical doctor and a clinical psychologist, which stated that appellant's employment at the day care center had been anxiety-evoking and may have been unfavorable to his psychological well-being.

The referee's decision concluded that appellant's separation from work was a voluntary quit without good cause.[1] The Secretary's affirmance of the referee's decision was in turn affirmed by the circuit court.

Appellant maintains that he established "good cause" under SDCL 61–6–13.1(1) and SDCL 61–6–13.1(3). Prior to 1981 amendment these sections provided:

Good cause for voluntarily leaving employment is restricted to leaving employment because:

(1) Continued employment presents a hazard to the employee's health provided the health hazard is supported by a medical certificate signed by *two medical doctors;*

. . . . .

(3) The employer's conduct demonstrates a substantial disregard of the standards of behavior that the employ-

---

1. SDCL 61–6–13 provides in part:

An unemployed individual who, voluntarily without good cause, left his most recent employment of an employer or employing unit, after employment lasting at least thirty calendar days is denied benefits until he has been reemployed at least six calendar weeks in insured employment during his current benefit year and has earned wages of not less than his weekly benefit amount in each of those six weeks. . . .

ee has a right to expect of his employer or the employer has breached or substantially altered the contract for employment. (emphasis added)

The 1981 Legislature amended SDCL 61–6–13.1(1) to require the signature of only one medical doctor on the medical certificate.

▮ Appellant contends that the 1981 amendment is curative and remedial and should therefore apply retroactively to his case. We disagree. A legislative act will not operate retroactively unless the act clearly expresses an intent to so operate.[2] *In re Scott's Estate,* 81 S.D. 231, 133 N.W.2d 1 (1965); *State ex rel. Strenge v. Westling,* 81 S.D. 34, 130 N.W.2d 109 (1964). No retroactive intent is expressed in this act, and we are not persuaded to depart from the fundamental rule favoring prospective application. Accordingly, appellant's proffered medical certificate fell short of meeting the requirements of the statute.

▮ Appellant maintains that even if we reject, as we have done, his retroactivity argument, we should liberally construe the preamendment version of SDCL 61–6–13.-1(1) and hold that the June 1, 1981, letter constitutes a medical certificate signed by two medical doctors. In *Red Bird v. Meierhenry,* 314 N.W.2d 95, 96–97 (S.D.1982), we stated:

> It is the general rule that since the purpose of unemployment compensation benefits is to relieve the stress of economic insecurity due to unemployment, the unemployment compensation statutes should be liberally construed in favor of the claimant to afford all the relief the legislature intended to grant. However, courts may not exceed the limits of the statutory intent. A court is not at liberty to read into the statute provisions which the legislature did not incorporate, or enlarge the scope of the statute by an unwarranted interpretation of its language.

We conclude that a determination that a clinical psychologist satisfies the medical doctor requirement of SDCL 61–6–13.1(1) would be an unwarranted interpretation of that statute.

▮ Entitlement to unemployment compensation benefits is governed entirely by statute. *Red Bird, supra.* Our interpretation of the "good cause" statute, as well as our review of the evidence presented at the referee's hearing, leads us to conclude that neither the Department nor the circuit court was clearly erroneous in determining that appellant failed to establish "good cause" for voluntarily leaving his employment.

▮ Appellant contends that the Department violated the South Dakota Administrative Procedure Act by failing to offer appellant and his employer an informal meeting prior to the hearing before the appeals referee. Appellant bases this contention on SDCL 1–26–16.1, which provides:

> Prior to the institution of any agency contested case proceedings, the agency shall give the party or parties affected the opportunity to meet informally with the agency to discuss the matters in the proposed agency action. This informal meeting shall not thereafter be required if the parties affected agree to proceed directly to a contested case hearing, or if the proceedings are covered by § 1–26–29; otherwise, the informal meeting shall be held.

We agree with the circuit court that a fair reading of this statute leads to the conclusion that appellant waived any right to an informal meeting by his apparent request for a contested case hearing.

▮ Appellant contends that his hearing was conducted in such a manner as to deprive him of due process. Basically, this contention focuses on the appeals referee's conduct with regard to the June 1, 1981, letter. Although the appeals referee read the letter into the record, he failed to re-

---

**2.** We note that this is not a case in which a retroactive impact in other provisions of an act call for the assumption that the legislature intended retroactive impact for all provisions of the act. *See, e.g., Johnson v. Kusel,* 298 N.W.2d 91 (S.D.1980); *Matter of Heuermann,* 90 S.D. 312, 240 N.W.2d 603 (1976).

ceive the letter into evidence, telling appellant that he would have to keep the letter. Appellant maintains that this conduct violated the requirement of SDCL 61–7–10 that such hearings "afford the parties a reasonable opportunity for a fair hearing," and also violated the mandate of ARSD 47:06:05:04 that "[a]ll issues relevant to an appeal shall be considered and passed upon."

Although the referee did not reach the conclusion desired by appellant, there is no doubt but that he considered the June 1, 1981, letter; accordingly, appellant was not prejudiced by the failure to receive the letter into evidence.[3] The notice of hearing informed appellant that he could select an attorney or anyone else to represent him. He also was allowed at the hearing to cross-examine witnesses. Our review of the record satisfies us that the referee did not in any way limit appellant in his presentation of relevant, admissible evidence. We conclude that neither SDCL 61–7–10 nor ARSD 47:06:05:04 was violated, and we therefore hold that appellant was not denied due process.

 Appellant also contends that the referee's written decision fails to set forth findings of fact and conclusions of law separately stated and that such failure requires reversal. The referee's decision includes what are labeled as "findings of facts" and "opinion," but the decision of the Secretary nevertheless states that it incorporates the referee's "findings of fact" and "conclusions of law."

SDCL 1–26–25 requires that a final decision in a contested case include separately stated findings of fact and conclusions of law, and we have stated that a circuit court cannot properly review a decision unless it includes such findings and conclusions. *Department of Public Safety v. Eastman*, 273 N.W.2d 159 (S.D.1978). Although incorrectly labeled, the contents of the referee's decision in this case adequately show both the facts found by the referee and the referee's application of the law to these facts. In *Mulder v. Tague*, 85 S.D. 544, 186 N.W.2d 884 (1971), we held that if no prejudice results from the irregular form of the trial court's findings of fact and conclusions of law, such irregularity is harmless error. We likewise hold here that the irregular form of the findings and conclusions was not prejudicial to appellant and thus constituted harmless error.

The order is affirmed.

All the Justices concur.

---

**3.** By stipulation of the parties, the ·letter became appellant's Exhibit # 2 and was considered by the trial court. Having concluded that any error in failing to receive the letter into evidence was harmless, we find it unnecessary to determine whether the issue is of such public importance as to overcome the rule against considering moot questions.