Jody LYONS, Plaintiff and Appellant,

v.

LEDERLE LABORATORIES, A DIVISION OF AMERICAN CYANAMID COMPANY, E.R. Squibb & Sons, Inc., and Jason Groves, Special Administrator of the Estate of Dr. Glenn Heidepriem, Sr., Deceased, Defendants and Appellees.

No. 16216.

Supreme Court of South Dakota.

Argued Nov. 28, 1988.

Decided May 17, 1989.

Jon J. LaFleur of LaFleur, LaFleur & LaFleur, Rapid City, for plaintiff and appellant.

Deming Smith of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee Lederle Laboratories.

Gene Lebrun of Lynn, Jackson, Shultz & Lebrun, Rapid City, for defendant and appellee E.R. Squibb & Sons, Inc.

William G. Porter of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for defendant and appellee Estate of Dr. Glenn Heidepriem, Sr.

MORGAN, Justice.

Jody Lyons (Lyons), appeals from a summary judgment entered against him in his medical malpractice action against the estate of Dr. Glenn Heidepriem (Heidepriem). We reverse and remand.

Lyons was born March 10, 1969. Heidepriem prescribed medications containing tetracycline eleven or twelve times between 1969 and March 21, 1979. Lyons alleges that the tetracycline discolored his teeth.

On July 23, 1987, Lyons, who was then eighteen years of age, filed a products liability action against Lederle Laboratories (Lederle) and E.R. Squibb & Sons, Inc. (Squibb), and a medical malpractice action against Heidepriem. Upon motion, the trial court granted summary judgment in favor of Heidepriem, holding that SDCL 15–2–22.1, titled "[m]edical malpractice limitation applicable to minors aged six or over" (statute), was the applicable statute of limitations and that it barred Lyons' malpractice action. Lyons sought and we granted leave to commence this intermediate appeal. Amicus curiae briefs have been filed on behalf of both parties.

Lyons raises two principal issues on appeal. He contends that the statute, enacted in 1977, does not apply retroactively to his cause of action and, alternatively, that the statute is unconstitutional.

The statute at issue, SDCL 15–2–22.1, enacted by the 1977 Legislature, became effective July 1, 1977, and provides as follows:

> Notwithstanding any provision of § 15–2–22, respecting minors as defined in § 26–1–1, any action described in § 15–2–14.1 shall be commenced only within three years after the alleged malpractice, error, mistake or failure to cure occurred, unless the minor is less than six years of age at the time of the alleged malpractice, error, mistake or failure to cure in which case the action shall then be commenced within two years after the sixth birthday of the minor.

Applying the "sixth birthday" alternative, Lyons' time for filing would have run out on March 10, 1977. Applying the "three years after the act" alternative, the time would have run on March 21, 1982, over five years prior to commencement of the suit.

■ Lyons seeks to apply the limitation scheme in existence prior to the 1977 enactments. Under SDCL 15–2–15 a two-year

period was prescribed as the limitation subject however to SDCL 15–2–22, which provided for the tolling of the statute of limitations during disability, including, of course, minority. To this end, Lyons argues that SDCL 15–2–22.1 does not apply because it cannot be given retroactive effect. SDCL 2–14–21.[1] We are not persuaded by his argument.

■ As early as 1928, this court has held that statutes effecting remedy or procedure as opposed to those affecting substantive rights are given retroactive effect. *Brookings County v. Sayre*, 53 S.D. 350, 220 N.W. 918 (1928). *See also Simpson v. Tobin*, 367 N.W.2d 757 (S.D.1985). Statutes of limitations are remedial, not substantive. *Conner v. Fettkether*, 294 N.W. 2d 61 (Iowa 1980); *Cioffi v. Guenther*, 374 Mass. 1, 370 N.E.2d 1003 (1977); *Cedars Corp. v. Swoboda*, 210 Neb. 180, 313 N.W. 2d 276 (1981); *Gutter v. Seamandel*, 103 Wis.2d 1, 308 N.W.2d 403 (1981).

SDCL 15–2–22.1 is a legislative expression of policy that prohibits plaintiff from raising claims, unless brought within the specified period of time, whether or not they are meritorious. It applies to all actions filed after its effective date, July 1, 1977. Therefore, since Lyons failed to bring the medical malpractice action before March 21, 1982, SDCL 15–2–22.1 barred the action. The trial court did not err in applying the statute retroactively.

■ In the alternative, Lyons alleges that the statute is unconstitutional as violative of his equal protection rights under the United States and the South Dakota Constitutions, as well as a violation of his South Dakota constitutional right to "open courts." Although the South Dakota Trial Lawyers Association, as amicus, would also argue the constitutional issue of special legislation, we deem it improper for amicus to seek to widen the issues raised by the parties.[2]

---

1. SDCL 2–14–21 provides: "No part of the code of laws enacted by § 2–16–13 shall be construed as retroactive unless such intention plainly appears."

2. An amicus curiae is not a party to the suit and cannot assume the function of a party. *In re McClellan's Estate*, 27 S.D. 109, 129 N.W. 1037 (1911). "Only persons claiming to be adversely affected are authorized to question the constitutionality of an act (cite omitted) and particular-

■ We first examine Lyons' equal protection argument. In traditional equal protection analysis, on both the federal and state levels, there exists three tests to be applied depending upon the nature of the interest involved. Strict scrutiny applies only to fundamental rights or suspect classes. *Budahl v. Gordon and David Associates*, 287 N.W.2d 489 (S.D.1980). The intermediate or substantial relation test applies to legitimacy, *State ex rel Wieber v. Hennings*, 311 N.W.2d 41 (S.D.1981), and gender, *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). Lastly, the rational basis test applies to all other classes.

Lyons first argues that the statute must be subject to "intermediate, or fair and substantial relation" analysis because the statute's classification concerns age. In the alternative, he argues that the statute fails the "rational basis" analysis.

■ We hold that the rational basis test is most appropriate in this case involving an age classification. In *City of Aberdeen v. Meidinger*, 89 S.D. 412, 233 N.W.2d 331 (1975), this court enunciated the following two-prong test regarding equal protection when legitimacy, suspect classes and fundamental rights are not involved:

(1) [W]hether the statute does set up arbitrary classifications among various persons subject to it.

(2) [W]hether there is a rational relationship between the classification and some legitimate legislative purpose.

89 S.D. at 415, 233 N.W.2d at 333; *see also Dorian v. Johnson*, 297 N.W.2d 175, 177–78 (S.D.1980); *Janish v. Murtha*, 285 N.W. 2d 708, 709 (S.D.1979).

■ Applying the first prong, we look to see if the statute applies equally to all people. *Janish, supra.* We perceive that it does not. Rather, it creates an arbitrary classification of minors who have medical malpractice claims as opposed to minors with any other kind of tort claim. Under SDCL 15–2–22, minors who have tort claims, other than medical malpractice, have until one year past their eighteenth birthday within which to pursue their claims.

However, if the claim is a medical malpractice action, SDCL 15–2–22.1 sets up a scheme restricting the statute of limitations to three years or to a period of two to eight years if the minor is under six years old. A minor with a medical malpractice claim at age five would have until age eight to bring the cause of action or be forever barred. A minor with any other kind of tort claim at age five would have until age nineteen to bring a cause of action.

This case is a classic example of the arbitrariness of the classification. On the same injury, Lyons commenced action in product liability against the manufacturer of the medicine and in medical malpractice against the physician who dispensed it. His suit against the physician is dismissed under the statute, while his claim against the manufacturer stands.

Having determined that the arbitrary classification exists, we then must inquire whether there is a rational relationship between the classification or classifications and some legitimate legislative purpose. The evidence in the record would indicate that the legislation was enacted in response to some perceived malpractice crisis. The purpose was to alleviate that crisis and insure continued health care to citizens of this state.

We fail to perceive any rational basis for assuming that medical malpractice claims will diminish simply by requiring that suits be instituted at an earlier date. We are persuaded by the reasoning of the Ohio Supreme Court in *Schwan v. Riverside Methodist Hosp.*, 6 Ohio St.3d 300, 452

ly is this true of amicus curiae whose authority is to call the court's attention to facts or situations that may have escaped consideration. He is not a party and cannot assume the functions of a party. He must accept the case before the court with the issues made by the parties." (Citations omitted.) *State v. City of Albuquerque,* 31 N.M. 576, 249 P. 242, 248–49 (1926). "An amicus curiae, in fact, has no legal standing in court. He cannot be partisan. Neither can he be a party nor assume the function of a party to an action." *In Re Ohlhauser's Estate,* 78 S.D. 319, 101 N.W.2d 827, 829 (1960).

N.E.2d 1337 (1983), wherein that court struck down on equal protection grounds a similar statute which focused upon age ten instead of age six. That court stated:

> We recognize that the [legislature] often must draw lines in legislation. Yet, it is the age of majority which establishes the only *rational* distinction.
>
> Young people eagerly anticipate their legal 'adulthood.' At the age of majority, our society puts them on notice that they are assuming an array of rights and responsibilities which they never had before. Age ten, however, arrives with little fanfare. It is difficult to imagine that parents or guardians—much less the children themselves—would recognize that any change in status occurs on a child's tenth birthday.
>
> We acknowledge, however, the importance of the purpose of [the statute] to alleviate the 'medical malpractice crisis' of the mid-1970's.... Therefore, in light of our conclusion that [the statute] creates an irrational classification which does not *rationally* further the purpose of [the legislation], we hold that [it] is unconstitutional on its face with respect to medical malpractice litigants who are minors. (Emphasis in original.)

*Schwan,* 452 N.E.2d at 1339.

We adopt this reasoning and hold that the classification contained in SDCL 15-2-22.1 is arbitrary and that it is not rationally related to the legitimate purpose to alleviate the medical malpractice crisis. Therefore, the statute violates equal protection provisions of both the United States and South Dakota Constitutions and must fail.

We reverse the summary judgment and remand for further proceedings.

MILLER, J., concurs.

SABERS, J., specially concurs.

WUEST, C.J., and FOSHEIM, Retired Justice, dissent.

FOSHEIM, Retired Justice, sitting for HENDERSON, J., disqualified.

SABERS, Justice (specially concurring).

I believe the majority correctly concludes that the statute of limitations set out in SDCL 15-2-22.1 is unconstitutional. However, the majority opinion prematurely concludes that the classification is arbitrary. Nearly every legislative scheme involves line drawing by the legislature. The fact that such lines are drawn or classifications created does not make the legislation arbitrary unless there is no rational basis for the classification.

> The equal protection clause guarantees that similar individuals will be dealt with in a similar manner by the government. It does not reject the government's ability to classify persons or "draw lines" in the creation and application of laws, but it does guarantee that those classifications will not be based upon impermissible criteria or arbitrarily used to burden a group of individuals. If the government classification relates to a proper governmental purpose, then the classification will be upheld.

2 R. Rotunda, J. Nowak, J. Young, *Treatise On Constitutional Law* § 18.2 (1986).

The majority claims to apply the rational basis review to the statute. However, the two-prong test set out by the majority is not the test traditionally applied in rational basis analysis. "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313, 320 (1985). The majority relies upon *City of Aberdeen v. Meidinger,* 89 S.D. 412, 233 N.W.2d 331 (1975), which in turn cites *Railway Express Agency v. New York,* 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949), in support of the two-prong test set out in the majority opinion. However, a review of *Railway Express* shows that there is no such test set out. Instead, the Court in *Railway Express* found that the statute was valid by stating "the classification has relation to the purpose for which it is made and does not contain the kind of discrimination against which the Equal Protection Clause affords protection." *Railway Express, supra,* 336 U.S. at 110, 69 S.Ct. at 465.

The majority seems to conclude that the legislation is unconstitutional before applying the proper standard of review, which is whether there is a rational relationship between the classifications and some legitimate legislative purpose. I do not believe the legislative classification can be considered arbitrary until it is first determined that there is no rational basis. To do otherwise would place the burden on the legislature to show that every line drawn is constitutional. "If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'" *United States Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 175, 101 S.Ct. 453, 459, 66 L.Ed.2d 368, 376 (1980) (*citing Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed. 2d 491, 501–02 (1970)). Thus, the classification is not arbitrary because the legislature has drawn such a line, but rather is arbitrary because the classification is not rationally related to the stated purpose of curbing malpractice claims.

FOSHEIM, Retired Justice (dissenting).

I dissent. In my opinion, the trial court erred in giving SDCL 15–2–22.1 retroactive application.

This court has repeatedly recognized the fundamental rule of statutory construction favoring prospective application of statutes. We succinctly stated this rule in *In re Scott's Estate*, 81 S.D. 231, 234, 133 N.W.2d 1, 3 (1965) (*quoting In re Saddler's Estate*, 73 S.D. 56, 61–62, 38 N.W.2d 879, 882 (1949)) as follows:

It is always to be presumed that a law was intended, as its legitimate office, to furnish a rule of future action to be applied to cases arising subsequent to its enactment. A law is never to have retroactive effect unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only.

*See also First Nat. Bank of Minneapolis v. Kehn Ranch*, 394 N.W.2d 709 (S.D.1986); *Matter of Adams*, 329 N.W.2d 882 (S.D. 1983); *State v. Westling*, 81 S.D. 34, 130 N.W.2d 109 (1964); *Bahlkow v. Preston*, 60 S.D. 151, 244 N.W. 93 (1932); *Cutting v. Taylor*, 3 S.D. 11, 51 N.W. 949 (1892).

The majority opinion, leaning heavily on case authority from other jurisdictions, concludes that statutes of limitation are remedial in nature and, therefore, should be applied retroactively.* In my opinion, this contravenes this court's holding in *Matter of Adams*, 329 N.W.2d 882 (S.D.1983). There, Justice Wollman stated, "Appellant contends that the 1981 amendment is curative and *remedial* and should therefore apply retroactively to his case. We disagree. A legislative act will not operate retroactively unless the act clearly expresses an intent to so operate." *Id.* at 884 (emphasis supplied). I note that the author of the majority opinion concurred in *Adams*.

While SDCL 15–2–22.1 is silent as to retroactive or prospective application, the genesis legislative acts from which it emerged by amendment and repeal did provide for prospective application. Justice Henderson, writing for this court in *John-*

* The majority opinion cites *Simpson v. Tobin*, 367 N.W.2d 757 (S.D.1985) as holding "statutes effecting remedy or procedure as opposed to those affecting substantive rights are given retroactive effect." That decision, in which I participated, related to House Bill 1266 of the 1983 legislative session. Section eight of that bill clearly provided "the provisions of this act apply retroactively." 1983 S.D. Laws ch. 44, § 8. I find nothing in *Simpson* which supports the majority opinion's apparent claim that this court's holding therein is not limited to the facts of that case.

*Brookings County v. Sayre*, 53 S.D. 350, 220 N.W. 918 (1928), a case upon which the majori-

ty opinion also relies, is also distinguishable. There, this court held that under the law as it then existed, there was no statutory provision as to the form of civil action by which the liability of the petitioner could be enforced for costs incurred on that appeal prior to the enactment of the statute. Under *those* circumstances, this court held the statute could be given retroactive effect.

It is also noteworthy that only three years ago, this court in *Kehn Ranch* declined to follow other jurisdictions which take a more expansive view regarding the retroactive application of statutes.

*son v. Kusel,* 298 N.W.2d 91 (S.D.1980), concluded that legislative intent regarding retroactive or prospective application must be gleaned by considering the statutory construction as a whole. The statutory history of SDCL 15-2-22.1 certainly does not imply a retroactive intent.

Even assuming that a doubt exists as to legislative intent, we have stated, "In every case of doubt, the doubt must be resolved against the retrospective effect and in favor of prospective construction only." *Westling,* 81 S.D. at 38, 130 N.W.2d at 111. *See also Federal Farm Mortgage Corporation v. Noel,* 66 S.D. 481, 285 N.W. 871 (1939). We should let this fundamental rule stand firm and allow the plaintiff to have his day in court.

In view of this conclusion, Lyons has no cause to question the constitutionality of SDCL 15-2-22.1. Indeed, he urges that issue only in the alternative. Accordingly, I do not reach that issue.

I am hereby authorized to state that Chief Justice WUEST joins my dissent.