JUSTICE HUNT
dissenting.
¶32 The legislature amended § 27-2-205, MCA, in 1987, limiting minors’ access to courts in medical malpractice cases in response to a perceived medical malpractice crisis in the State of Montana. The gist of this “crisis” was that Montana’s insurance rates were too high and there was supposedly an enormous increase in physicians carrying no insurance. The question the legislature’s amendment raises is, if a minor has no standing to bring his own claim, and the statute of limitations runs before he attains the age of maj ority, when is he to bring a claim on his own behalf?
¶33 A statute limiting non-fundamental rights must pass the rational basis test, and I fail to see how a statute limiting minors from pursuing valid claims against potentially negligent medical professionals is reasonably related to the legislature’s purported intent of reducing the cost of medical malpractice premiums.
¶34 I agree with the District Court that the result of the legislature’s amendments is that § 27-2-205(2), MCA, violates equal protection as guaranteed by Article II, Section 4, of the Montana Constitution. The minor statute of limitations treats minor victims of medical negligence differently than adult victims of the same negligent act as well as treating them differently than minor victims of other torts. Sections 27-2-205, 401, MCA. Other jurisdictions have found that such statutory provisions violate equal protection.
¶35 The South Dakota Supreme Court found that “an arbitrary classification of minors who have medical malpractice claims as opposed to minors with any other kind of tort claims” violated minors’ constitutional rights because there was no “rational basis for assum *223 ing that medical malpractice claims will diminish simply by requiring that suits be instituted at an earlier date”. Lyons v. Lederle Labs., (S.D. 1989) 440 N.W. 2d 769, 771.
¶36 The majority attempts to distinguish the Lyons decision on the basis that the intent of South Dakota’s statute is different from Montana’s. They assert that the intent behind the South Dakota law was to reduce the number of malpractice claims fi] ed by plaintiffs who were minors at the time of their injury, while the Montana Legislature’s intent was to “reduce the costs of medical malpractice insurance by reducing the time period in which certain actions must be filed, thereby reducing the uncertainty or potential future losses which had increased insurance premiums.” Such a distinction is an act of hair splitting.
¶37 The overall intent of both statutes was to reduce the number of malpractice claims and therefore reduce the cost of malpractice insurance. There is no rational relationship for treating certain minors differently than other minors, or differently than adults in the same situation, as a means to lower malpractice insurance premiums. The discrimination is simply not rationally related to such a goal. The number of valid claims by minors barred by the statute seems hardly significant enough to reduce the overall cost of malpractice insurance.
¶38 The California Court of appeals struck down a statute similar to those of Montana and South Dakota, stating;
[s]uch a classification ‘must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.’... The fact that such discrimination against minors would bar some meritorious claims and thereby reduce total malpractice liability is not enough to justify it. If claims are reduced in an arbitrary manner, the classification scheme denies equal protection of the law.
Torres v. County of Los Angeles (Cal.Ct.App. 1989), 257 Cal. Rptr. 211, 217 (citation omitted). Again, the majority attempts to distinguish the court’s holding in Torres. They insist that the decision is not persuasive because Torres addressed a statute allowing the limitations period on a minor’s medical malpractice claim to run from the date of the alleged wrongful act, while the limitations period for an adult ran from the date, or the discovery, of the injury. In contrast, the Montana statute allows the limitation period to run during the time a plaintiff *224 is a minor. The difference is academic. Both statutes in question treat minors differently than adults in the same situation, namely when they are victims of medical malpractice, and therefore violate minors’ rights to equal protection.
¶39 The District Court could find no rational basis for treating children differently under the statute of limitations and found the statute unconstitutional. I would hold the same.
JUSTICE TRIE WEILER joins in the foregoing dissent.