Roger G. SIEFKES, Plaintiff
and Appellee,

v.

WATERTOWN TITLE COMPANY and
Western Surety Company, Defendants,
Third Party Plaintiffs and Appellants,

v.

Hubert G. HERZOG, a/k/a Herbert
Herzog, Third Party Defendant
and Third Party Plaintiff,

v.

FISCHER TWINS, INC., and Alfred
Fischer and Alvin Fischer,
individually, Third Party Defendants,

v.

CODINGTON COUNTY REGISTER OF
DEEDS, Third Party Defendant
and Appellee.

Nos. 15568, 15584.

Supreme Court of South Dakota.

Argued Aug. 31, 1987.

Decided Oct. 7, 1987.

Todd D. Boyd of Gunderson, Evenson &
Boyd, Clear Lake, for plaintiff and appellee.

John C. Wiles of Osheim, Fox, Bartron &
Wiles, Watertown, for Watertown Title Co.
and Western Sur. Co.

Roger W. Ellyson, Codington County
State's Atty., Watertown, for Codington
County Register of Deeds.

MORGAN, Justice.

Roger G. Siefkes (Siefkes) commenced
action seeking declaratory judgment on existence of a right-of-way easement over the
North fifty feet (N50′) of both the West
one-half (W ½) and the East one-half (E ½)
of Endres First Addition, Codington County, South Dakota. The trial court determined necessary parties should be joined
pursuant to SDCL 15–6–19. The present
owner of the W ½ (Herzog), Codington
County Register of Deeds, and Herzog's
predecessor in interest, were added to the
suit. The trial court made two decisions:
(1) summary judgment in favor of register
of deeds on ground of sovereign immunity,
and (2) declaratory judgment that a right-of-way easement existed over the W ½, but
not over the E ½ of Endres First Addition.
Damage issues remain unresolved.

Watertown Title Company and Western
Surety Company appealed both adjudications and Siefkes noticed for review the
determination of the right-of-way easement
over the E ½ of Endres First Addition.
SDCL 15–6–54(b) provides:

When multiple claims for relief or multiple parties are involved in an action, the

court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added.)

Clearly, the adjudications made herein do not dispose of all the issues, nor do they contain the determination that they constitute final judgment per SDCL 15–6–54(b). They are therefore subject to revision by the trial court.

An appeal to this court may be taken from final judgment per SDCL 15–26A–3, or an intermediate appeal may be taken by authorization of this court. *Id.* Neither condition exists in this case. We therefore determine that this court lacks jurisdiction to entertain this appeal and the same should be dismissed by proper order.

All the Justices concur.