551 So.2d 575 (1989)
SPECIAL DISABILITY TRUST FUND, DEPARTMENT OF LABOR & EMPLOYMENT SECURITY, State of Florida, Appellant,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH CO., Appellee.
No. 88-2981.
District Court of Appeal of Florida, First District.
October 20, 1989.
Joe G. Durrett, Tallahassee, for appellant.
Robert C. Barrett and Kristin Swanson Pringle of Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellee.
NIMMONS, Judge.
The Special Disability Trust Fund (the "Fund") appeals from the judge of compensation claim's order granting the employer/self insured's claim for reimbursement from the Fund. We reverse because the claim was barred by reason of the employer's failure to timely file the requisite notice of claim under Section 440.49(2)(g), Florida Statutes.
In August 1983, the employee sustained a compensable accident. She had been involved in a previous industrial accident in December 1981, related to the same employment, which resulted in a permanent physical impairment and permanent job restrictions. As found by the judge of compensation claims, the employee's permanent impairment from her low back injury of December 1981 merged with her permanent impairment from her August 1983 accident to create an overall greater permanent impairment than her impairment from the latter accident when considered alone. The judge further found that the employer had paid excess compensation in the form of wage loss benefits first paid in June 1985.
Prior to the 1987 amendment of Section 440.49(2)(g), that Section provided that the employer/carrier's right to reimbursement from the Fund was barred unless written notice of the claim therefor was filed "prior to 60 days after the order awarding the excess permanent compensation ... becomes final or, if payment of such excess ... is made ... without an award, prior to 60 days after the date the first payment of *576 excess compensation for the permanent disability was made." In 1987, the statute was amended by Chapter 87-330, section 9, Laws of Florida, which basically changed the above 60-day period by providing for the notice of claim to be filed within two years after the date the employee last reached MMI, or within two years after the date of the first payment of compensation for permanent total disability, wage loss, or death, whichever is later.
The employer did not file the above required notice of claim until October 24, 1986, long after the 60-day period had run. The judge found that the 1987 amendment was retroactive in application and that the above notice was therefore timely filed. We disagree.
In Special Disability Trust Fund v. Brevard County Board of Public Instruction, 9 FCR 164 (1975), cert. denied, 320 So.2d 392 (Fla. 1975), the carrier voluntarily accepted the claimant as PTD and subsequently filed an untimely claim for reimbursement, which was denied for untimeliness. The carrier then procured an order from the judge "awarding" the benefits which the carrier had already been voluntarily paying. The judge found that this order allowed the carrier to make a claim within the limitation period. The IRC, observing that the subject statute was a statute of nonclaim as distinguished from a general statute of limitation,[1] stated:
Appellee [carrier] failed to comprehend the resultant meaning of the word `barred.' The clear intent, and effect, is that the claim is barred ... it is dead and no further act by ANYONE can breathe life into the right to claim reimbursement as to those benefits.
9 FCR at 167.
Florida recognizes the general principle that where a statute creates a right of action that did not exist at common law and attaches thereto a time limitation with no exceptions, the claim is forever barred if not asserted within the time limit. Fowler v. Matheny, 184 So.2d 676 (Fla. 4th DCA 1966); La Floridienne v. Seaboard Air Line Ry., 59 Fla. 196, 52 So. 298 (1910). See also Bowery v. Babbit, 99 Fla. 1151, 128 So. 801 (1930). In La Floridienne, the statute at issue granted a right to sue for certain conduct by railroads with a proviso that such suit must be commenced within 12 months of commission of the wrong. After this period had run, the statute was amended to provide that if the railroad commission brought suit to enforce its rules, the private action could be brought within 12 months of termination of such suit. The Supreme Court rejected the plaintiff's argument that since its action was timely under the amended statute, it should be considered timely. The Court stated that the amendment could not serve to revive the action which had previously been extinguished, which is what appellee seeks to have done in the instant case.
The appealed order granting the claim for reimbursement is reversed and this cause is remanded with instructions to vacate the order and deny such claim.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] See also, Special Disability Trust Fund v. Robbins Manufacturing Company, 484 So.2d 54, 56 (Fla. 1st DCA 1986).