Roy WEST, Claimant and Appellant,

v.

JOHN MORRELL & COMPANY and The State of South Dakota, Department of Labor, Division of Labor and Management, Respondents and Appellees.

No. 16932.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1990.

Decided Sept. 19, 1990.

Bradley G. Bonynge, Sioux Falls, for claimant and appellant.

David J. Vickers and Michael S. McKnight of Boyce, Murphy, McDowell and Greenfield, Sioux Falls, for respondents and appellees.

TSCHETTER, Circuit Judge.

Department of Labor, Division of Labor and Management (Department), denied the petition of claimant Roy West (West) for worker's compensation benefits. The circuit court affirmed Department's decision. We affirm.

## FACTS

West sustained a wrist injury on October 10, 1978. The injury was surgically repaired on January 4, 1979. West returned to work on March 26, 1979. On April 10, 1979, the treating physician, Dr. Alvine, sent a medical report to self-insurer John Morrell & Company (Morrell), which stated:

> Patient is doing fine now. He has been back at work and has no discomfort. I don't think there will be any permanent disability. See him back prn.

Morrell paid all medical bills and temporary disability benefits for the time West was off work. Morrell's last worker's compensation payment to West was made April 19, 1979.

Shortly before September 18, 1984, West requested that Dr. Alvine make a permanent partial disability evaluation of West's wrists. On September 18, 1984, Dr. Alvine sent a copy of his medical report to West's counsel. Dr. Alvine did not send a copy to Morrell. West filed a petition for hearing with Department on January 17, 1986. West, through his counsel, sent a copy of Dr. Alvine's September, 1984, report to Morrell on February 20, 1986.

West did not ask Morrell to have a permanent partial disability examination performed at any time between October 10, 1978 (the date of the injury) and January 17, 1986 (the date West filed the petition for hearing).

## SCOPE OF REVIEW

*Permann v. Dept. of Labor, Unemp. Ins. D.*, 411 N.W.2d 113 (S.D.1987), articulates this court's scope of review. On questions of fact, this court must determine whether the circuit court was clearly erroneous. On questions of law, the decision of the circuit court is fully reviewable. West's case turns on the applicability of the statute of limitations regarding this claim. Therefore, we are considering a question of law which is fully reviewable.

## DECISION

This appeal centers on which of two statutes of limitation governs. West contends that the applicable statute of limitations is that which was in effect at the time of filing his petition (January 17, 1986). Morrell contends that the statute in effect at the time West was injured (October 10, 1978) governs.

On the date West was injured, SDCL 62–7–35 provided:

> The right to compensation under this title shall be forever barred unless within two years after an injury, or if death results therefrom, within two years after the death, a claim for compensation thereunder is filed with the department. However, if either payment of compensation or reimbursement or payment of medical and hospital expenses under § 62–4–1 has been made on account of an injury or death, a claim may be filed within two years from the date of the last payment.

SDCL 62–7–35 was amended during the 1980 legislative session. S.D.Sess.L. ch. 365, § 3. The following provision became effective July 1, 1980.

> The right to compensation under this title shall be forever barred unless a written request for hearing pursuant to § 62–7–12 is filed by the claimant with

the department within two years after the self-insurer or insurer notifies the claimant and the department, in writing, that it intends to deny coverage in whole or in part under this title. If the denial is in part, the bar shall only apply to such part.

Under the version of SDCL 62–7–35 which was in effect in 1978, West's claim would be clearly barred. The triggering date of the two-year statute is "the date of the injury" (October 10, 1978), or if payment was made on the injury, "the date of the last payment" (April 19, 1979). Under either triggering date, the claim would be tardy.

However, the statute of limitations was amended in 1980. Under this amendment, the statute of limitations is triggered by notification in writing to claimant from self-insurer that self-insurer intends to deny coverage. Because the amendment to SDCL 62–7–35 became effective July 1, 1980, West contends that the amended statute of limitations governs.

The authorities West relies upon to support this position relate to statutes enlarging the limitation period. *Seneca v. Yale & Towne Mfg. Co.*, 142 Pa.Super. 470, 16 A.2d 754 (1944); *Dobson v. Wilson & Co.*, 152 Kan. 820, 107 P.2d 676 (1940); *Wilson v. Santa Fe Trail Transportation Company*, 185 Kan. 725, 347 P.2d 235 (1959); *Corbett v. General Engineering & Machinery Co.*, 160 Fla. 879, 37 So.2d 161 (1948); *Pinkston v. Rice Motor Company*, 180 Kan. 295, 303 P.2d 197 (1956). The period prescribed by the 1978 version of SDCL 62–7–35 was not enlarged by the 1980 amendment. The 1980 amendment changed the *triggering event*. The 1978 version and the 1980 amendment both contain a *two-year* limitation period. The amendment to SDCL 62–7–35 does not lengthen the statute of limitations; rather, it alters the triggering event.

 West further contends that the 1980 amendment to SDCL 62–7–35 should be given retroactive effect. However, the general rule of statutory construction is that a statute will not operate retroactively unless the act clearly expresses an intent

to do so. *See* SDCL 2–14–21; *Gasper v. Freidel*, 450 N.W.2d 226 (S.D.1990); *First Nat. Bank of Minneapolis v. Kehn Ranch*, 394 N.W.2d 709 (S.D.1986); *Matter of Adams*, 329 N.W.2d 882 (S.D.1983); *Arndt v. Hannum Trucking*, 324 N.W.2d 680 (S.D.1982); *Cutting v. Taylor*, 3 S.D. 11, 51 N.W. 949 (1892). There is no indication whatsoever in the amendment to SDCL 62–7–35 which shows a legislative intent to apply the statute retroactively.

 Under the rule enunciated in *Lyons v. Lederle Laboratories*, 440 N.W.2d 769 (S.D.1989), an exception is carved out of the general rule which, in effect, states that a statute which affects merely a remedy or procedure may be given retroactive effect. Statutes affecting substantive rights, however, are not to be given retroactive effect. The 1980 amendment changed the triggering event for the commencement of the statute of limitations and placed an affirmative obligation upon an employer to deny coverage before the statute of limitations would begin to run. The substantive effect upon the employer's rights by reason of the amendment to SDCL 62–7–35 is evident under the facts of this case. West did not make a claim for permanent partial disability benefits which Morrell could even deny. The first knowledge Morrell had that West was even requesting permanent partial disability benefits was when West filed his petition for hearing in 1986. Under the 1980 amendment to SDCL 62–7–35 the statute of limitations never began to run on West's claim because no claim was made which could be denied. The amendment of SDCL 62–7–35 had a definite effect upon Morrell's substantive rights in this case and cannot be retroactively applied under these facts.

We affirm the circuit court's decision which denied benefits to West.

MORGAN and HENDERSON, JJ., concur.

MILLER, C.J., and SABERS, J., concur in result.

TSCHETTER, Circuit Judge, for WUEST, J., disqualified.

SABERS, Justice (concurring in result).

The majority opinion correctly states that under the rule of *Lyons v. Lederle Laboratories*, 440 N.W.2d 769 (S.D.1989), statutes which are merely procedural or remedial are to be given retroactive effect. The affirmative obligation which SDCL 62-7-35 places on Morrell to deny coverage in writing to workers claiming injury is not procedural or remedial, but substantive, and cannot apply retroactively.

The majority opinion is troubling in that it fails to specifically state which part of SDCL 62-7-35 is substantive and why, and thus risks distorting settled law.

SDCL 62-7-35 is basically a statute of limitations for filing Workers Compensation claims. "Statutes of limitations are remedial, not substantive." *Lyons*, 440 N.W.2d at 770. Contrary to the majority's suggestion, statutes of limitations remain remedial even though their application may be dispositive of the outcome in a given case. For example, in *Matter of Estate of Lingscheit*, 387 N.W.2d 738 (S.D.1986), we held that the petition of an Oklahoma widow for an elective share of her late husband's South Dakota land was barred because she missed the deadline for filing under South Dakota law—even though Oklahoma's *substantive* law was applicable, and Oklahoma had no statute of limitations governing elective share petitions. Although this had a "definite effect upon [the widow's] substantive rights," that fact did not transform a procedural statute of limitations into substantive law.

The test is whether the change in the statute constitutes a change in substantive law (as opposed to procedural law) and not whether a change in the statute affects the substantive rights of the parties. Obviously, the substantive rights of the parties will always be affected—or else the issue would not be litigated in the first place.

The majority also gets sidetracked on the notion that a change in the "triggering event" in a procedural statute of limitations somehow makes for substantive rather than procedural law. The majority does not explain why this is so. Indeed, the majority concedes that the Legislature could change the statutory length of time for filing Workers Compensation claims and that this would constitute a procedural change with retroactive effect. Yet, in most cases, changing the triggering event from one point to another is simply another means to alter the duration of the statutory period which should not affect the basic procedural nature of the statute any more than increasing the number of years would.

The key here is that this change in the triggering event also placed an affirmative duty on Morrell to do something which it had not been required to do previously: *i.e.*, to notify claimants of denial of coverage in writing. Had Morrell already been required to do that prior to 1980, then the 1980 statutory amendment making that event the new trigger for the running of the statute of limitations would be procedural and would have retroactive effect. It is because the amended statute not only made the fulfillment of Morrell's obligation the trigger, but also created the obligation in the first place, where there had been none before, that the amendment was partially substantive and therefore not entitled to retroactive effect.

Chief Justice MILLER joins this concurrence in result.