2003 SD 69

Kay SOPKO, Individually and as personal representative of the Estate of Jeffrey Sopko, Deceased, and Joshua Sopko, Claimants and Appellees,

v.

C & R TRANSFER COMPANY, INC., Employer and Appellant,

and

Home Insurance Company, Insurer and Appellant.

No. 22408.

Supreme Court of South Dakota.

Argued Nov. 19, 2002.

Decided June 11, 2003.

See also, 575 N.W.2d 225, 1998 SD 8.

N. Dean Nasser, Jr. of Nasser Law Offices, Sioux Falls, South Dakota, Attorneys for claimant and appellee.

Rick W. Orr and Eric C. Schulte of Davenport, Evans, Hurwitz & Smith, Sioux Falls, South Dakota, Attorneys for employer, insurer and appellants.

SRSTKA, Circuit Judge.

[¶ 1.] C & R Transfer Co., Inc. (C & R) appeals the circuit court's determination that workers' compensation benefits are determined at the rate available when a change in the claimant's circumstances occur and that beneficiaries of death benefits are set at the time of death, not the time of injury. We reverse.

## FACTS AND PROCEDURE

[¶ 2.] This is the second appeal of this case. The first decision is reported at *Sopko v. C & R Transfer Co., Inc.*, 1998 SD 8, 575 N.W.2d 225 (*Sopko I*).

[¶ 3.] In 1974 Jerry Sopko was injured by an exploding truck tire rim. C & R was his employer and was responsible for workers' compensation benefits. After an initial six-month recovery period Sopko's condition improved and he began working again; however, he suffered symptoms of the injury the remainder of his life.

[¶ 4.] Although his condition varied, by 1981 Sopko's condition stabilized to the point where he signed a settlement agreement that terminated his workers' compensation benefits. After signing this agreement, Sopko's condition changed again. As a result, Sopko sought new workers' compensation benefits from the 1974 accident despite the 1981 settlement

agreement terminating benefits. Department of Labor (Department) denied his request and that issue ultimately reached this Court in *Sopko I*. On appeal, we held the legislature intended to disallow agreements foreclosing a statutory right to reopen a claim in the event of latent and unforeseen consequences from the initial injury. *Sopko I*, 1998 SD 8, ¶¶ 10–11, 575 N.W.2d at 230. We determined Sopko's injury in 1974 was always compensable and Department had jurisdiction to revisit Sopko's benefits when his circumstances changed, despite the fact he signed the settlement agreement in 1981. *Sopko I*, 1998 SD 8, ¶ 19, 575 N.W.2d at 227–228.

[¶ 5.] In June 1995, nearly a quarter-century after his work-related injury, Sopko died. Based on our holding in *Sopko I*, Sopko's estate sought to reopen his claim for workers' compensation seeking benefits for complications Sopko experienced subsequent to his 1974 injury. Department determined Sopko was only entitled to the extent of workers' compensation benefits available in 1974. Furthermore, Department concluded that South Dakota's death benefit statutes establish beneficiaries at the time of injury. This finding was significant as Sopko had not yet married his wife or conceived his child until after his 1974 injury. Therefore, relying on this rationale, Department determined Sopko's beneficiaries were not entitled to death benefits.

[¶ 6.] The circuit court reversed Department on both issues. In so doing, it held that workers' compensation benefits must be determined according to the benefits available on the date when the new extent of the injury becomes apparent and also held that beneficiaries under the workers' compensation scheme are classified at the time of death, not at the time of injury. The circuit court then determined Sopko's latent condition was fully detected

on July 1, 1993, allowing Sopko's estate to receive benefits at the new statutory rate effective July 1, 1993. C & R appeals this decision.

## ISSUES

Did the circuit court err in holding that South Dakota's workers' compensation scheme under SDCL 62–7–33 allows statutory benefits to be determined at the rate available when a change in circumstances occurs, not confined to the rate existing at the time of injury.

Did the circuit court err in holding that the beneficiaries of death benefits under South Dakota's workers' compensation scheme are determined at the time of death, not at the time of injury.

## STANDARD OF REVIEW

[¶ 7.] The standard of review for an appeal of a workers' compensation decision is set forth in *Sopko I* :

[O]ur standard of review, delineated in SDCL 1–26 requires us to give great weight to the findings and inferences made by the Department on factual questions. We examine agency findings in the same manner as the circuit court to decide whether they were clearly erroneous in light of all the evidence. If after careful review of the entire record we are definitely and firmly convinced a mistake has been committed, only then will we reverse. Questions of law, of course are fully reviewable.

*Sopko I*, 1998 SD 8, ¶ 6, 575 N.W.2d at 228 (internal citations omitted).

## DECISION

## ISSUE ONE

[¶ 8.] **Did the circuit court err in holding that South Dakota's workers' compensation scheme under SDCL 62–7–33 allows statutory benefits to be de-**

termined at the rate available when a change in circumstances occurs, not confined to the rate existing at the time of injury?

[¶ 9.] The circuit court erred when it held that South Dakota's workers' compensations scheme and specifically SDCL 62–7–33 allows statutory benefits to be determined at the rate available when a change in circumstances occurs, not confined to the rate existing at the time of injury. The circuit court's determination that Sopko is entitled to the rate of compensation as it existed in 1993 is not supported by case law or statutory authority.

[¶ 10.] We have previously held that, "proceedings under the Workers' Compensation Law ... are purely statutory, and the rights of the parties and the manner of procedure under the law must be determined by its provisions." *Caldwell v. John Morrell & Co.,* 489 N.W.2d 353, 364 (S.D.1992). Furthermore, "when the language of a statute is clear, certain and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the statute as clearly expressed in the statute." *Nickerson v. American States Ins.,* 2000 SD 121, ¶ 11, 616 N.W.2d 468, 470.

[¶ 11.] In addressing the first issue raised by appellant, our analysis turns on the intended purpose of SDCL 62–7–33. This statute provides:

> Any payment, including medical payments under § 62–4–1, and disability payments under § 62–4–3 if the earnings have substantially changed since the date of injury, made or to be made under this title may be reviewed by the department of labor pursuant to § 62–7–12 at the written request of the employer or of the employee and on such review payments may be ended, diminished, increased or awarded subject to the maximum or minimum amounts provided for in this title, if the department finds that a change in the condition or the employee warrants such action. Any case in which there has been a determination of permanent total disability may be reviewed by the department not less than every five years.

The nucleus of this statute has remained constant since its inception and only contemplates movements as to the degree of a workers' partial disability. South Dakota has long observed that "rights and obligations of an interested party under workers' compensation law become vested at the date of a compensable accident, unless death results." *Homestake Mining v. South Dakota Subsequent Injury Fund,* 2002 SD 46, ¶ 21, 644 N.W.2d 612, 617 (quoting *Salmon v. Denhart Elevators,* 72 S.D. 110, 30 N.W.2d 644, 648 (1948)). In addition, we have recognized that "until such time as an accident occurs the legislature may change the scale of weekly or other benefits, but to make such a change after the accident occurs would impair the obligations of contracts." *Id.* Therefore, according to our prior case law and the relevant statutory authority, Department may review any payment of benefits pursuant to SDCL 62–7–33, however, the rate for calculating benefits that is utilized vests at the time of injury.

[¶ 12.] This is not a new or novel proposition. We have consistently held that the law in effect at the time the employee is injured is what controls the rights and duties of the parties in workers' compensation cases. *South Dakota Subsequent Injury Fund v. Heritage Mutual Ins. Co.,* 2002 SD 34, ¶ 15, 641 N.W.2d 656, 659; *see also Homestake Mining Co.,* 2002 SD 46, ¶ 21, 644 N.W.2d 612 at 617; *Faircloth v. Raven Indus., Inc.,* 2000 SD 158, ¶ 5, 620 N.W.2d 198, 200; *Gordon v. St. Mary's Healthcare Center,* 2000 SD 130, ¶ 19, 617 N.W.2d 151, 156; *Vu v. John Morrell &*

Co., 2000 SD 105, ¶ 20, 615 N.W.2d 171, 175; *Vaughn v. John Morrell & Co.*, 2000 SD 31, ¶ 13, 606 N.W.2d 919, 922; *Loewen v. Hyman Freightways, Inc.*, 1997 SD 2, ¶ 9, 557 N.W.2d 764, 766; *Westergren v. Baptist Hosp. of Winner*, 1996 SD 69, ¶ 18, 549 N.W.2d 390, 395; *Helms v. Lynns, Inc.*, 1996 SD 8, ¶ 11, 542 N.W.2d 764, 766; *West v. John Morrell & Co.*, 460 N.W.2d 745, 747 (S.D.1990); *Wold v. Meilman Food Indus., Inc.*, 269 N.W.2d 112, 114 n1 (SD 1978); *Salmon*, 72 S.D. 110, 30 N.W.2d 644, 648.

[¶ 13.] In *Salmon*, we held that a claimant's attempt to receive a level of medical benefits higher than those available at the time of his injury was improper. Any other result "would impair the obligation of contracts." 72 S.D. at 118, 30 N.W.2d at 648. This proposition, as originated in *Salmon*, has since remained a constant principle underlying South Dakota's workers' compensation jurisprudence. We most recently reiterated this principle of law in *Homestake Mining Co.*, 2002 SD 46, ¶ 21, 644 N.W.2d at 617. We see no reason why that basic tenet would be inapplicable here.

[¶ 14.] The fact that Sopko experienced a change in condition has no bearing on today's analysis. As we recognized in *Salmon*, "[the] duration of temporary total incapacity was a matter not ascertainable when the award was made. It was a matter which was dependent upon subsequent conditions and . . . therefore reviewable." *Id.* at 647. Moreover, in the later case of *Stowsand v. Jack Rabbit Lines*, 75 S.D. 11, 14, 58 N.W.2d 298, 299 (1953), we cited *Salmon*, among other cases, for the proposition that compensation may be altered based upon a change in the claimant's condition. This Court stated:

> Claimant refers to SDC 64.0609[SDCL 62–7–33's predecessor] which, in substance, provides that the Industrial Commissioner may on application review an award and make another award ending, diminishing or increasing compensation when he "finds the condition of the employee warrants such action." This statute does not provide a method of correcting errors made in fixing the amount of an award, but confers authority upon the Industrial Commissioner to end, diminish or increase the compensation previously awarded, provided there is a change in condition subsequent to the entry of the last award. *Chittenden v. Jarvis*, 68 S.D. 5, 297 N.W. 787 (1941); *Middleton v. City of Watertown*, 70 S.D. 158, 16 N.W.2d 39 (1944); *Salmon v. Denhart Elevators*, 72 S.D. 110, 30 N.W.2d 644 (1948).

*Stowsand*, 75 S.D. 11, 14, 58 N.W.2d 298, 299. However, it is subject to the caveat that compensation can only be adjusted within the range of benefits available at the time of injury.

[¶ 15.] To accept Sopko's position and calculate his benefit rate based on the 1993 rate of compensation would constitute an impermissible retroactive modification of benefits. *See West*, 460 N.W.2d at 747 (stating that a "general rule of statutory construction is that a statute will not operate retroactively unless the act clearly expresses an intent to do so."). Furthermore, in *West* we held that "a statute which affects merely a remedy or procedure may be given retroactive effect. Statutes affecting substantive rights, however, are not to be given retroactive effect." *Id. See also Homestake Mining*, 2002 SD 46, ¶ 28, 644 N.W.2d at 619. Pursuant to this authority, Sopko's rate of compensation vested in 1974 when his injury occurred. Allowing benefits for the subsequent higher compensation rate would constitute a clear violation of the prohibition against giving statutes which

control substantive rights retroactive effect.

[¶ 16.] Finally, we address the circuit court's characterization that Sopko's change in condition in 1993 was a "new injury." Specifically, the circuit court found that "the manifestation of the Claimant's severe seizure condition ... was a legally distinct and separate injury ... which vested new rights and obligations in the parties ..." This finding is not supported by the record, and Sopko did not plead the existence of a new injury. Furthermore, in *Sopko I*, we stated that Sopko experienced a *change in condition* allowing him to reopen his petition pursuant to SDCL 62–7–33. *Sopko I*, 1998 SD 8, at ¶ 16, 575 N.W.2d at 232. In this appeal, the facts remain the same, Sopko experienced a change in condition and not a new injury. That fact controls the resolution of this issue.

## ISSUE TWO

[¶ 17.] **Did the circuit court err in holding that the beneficiaries of death benefits under South Dakota's workers' compensation scheme are determined at the time of death, not at the time of injury?**

[¶ 18.] We also reverse the circuit court's decision that Sopko's beneficiaries are entitled to death benefits under SDCL 62–4–12. SDCL 62–4–12, as it existed at the time of Sopko's injuries in 1974, provided:

> The amount of compensation which shall be paid for an injury to the employee resulting in death, if the employee leaves a widower living with and actually dependent upon the employee, or a widow, child, or children *whom the employee was under legal obligation to support at the time of the injury,* shall be a sum equal to five times the annual earnings of the employee, but not less in any

event than ten thousand dollars, and not more than thirty five thousand dollars. (emphasis added.)

Here, Sopko was unmarried and childless at the time of his injury. He clearly was under no legal obligation to support them at the time of his injury. As such, the wife and child are not entitled to death benefits. As previously discussed, the rights and obligations of the parties are vested at the time the injury occurs. *See, e.g. Salmon,* 72 S.D. at 118, 30 N.W.2d at 648; *Faircloth,* 2000 SD 158, ¶ 5, 620 N.W.2d at 200. Any other result would be in direct contravention of SDCL 62–4–12.

## CONCLUSION

[¶ 19.] Unfortunately, the result here is harsh to Sopko's beneficiaries. He gamely fought his condition and worked for almost a quarter century. His beneficiaries make a sympathetic case for recovery. However, as we have stated many times and again repeat in this opinion, the workers' compensation scheme is a creature of the legislature. The ability to make the necessary changes to benefit Sopko's beneficiaries is within the province of the legislative branch and not the judiciary.

[¶ 20.] We reverse and remand with directions to re-instate the decision of Department.

[¶ 21.] GILBERTSON, Chief Justice, and SABERS and KONENKAMP, Justices, and AMUNDSON, Retired Justice, concur.

[¶ 22.] SRSTKA, Circuit Judge, for ZINTER, Justice, disqualified.

[¶ 23.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court did not participate.